No. 12,719.

CHARLES E. ALTER VS. HOME INSURANCE COMPANY.

In case a loss is occasioned by the fall of a building through the owner's failure to protect and keep same in a secure condition, he must repair the same, and not the insurance company. in the absence of clear proof that such loss is covered by its risk.

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

*Branch K. Miller* for Plaintiff, Appellant.

*R. H. Browne* for Defendant, Appellee.

Argued and submitted March 25, 1898.
Opinion handed down June 21, 1898.
Rehearing refused November 21, 1898.

The opinion of the court was delivered by

WATKINS, J.    This action is for the recovery of seven thousand five hundred and five dollars and fifteen cents, as the amount of damages which were caused to the plaintiff's property by reason of defendant's alleged failure to have taken proper care in the reconstruction, after its damage by fire, of a portion of the party wall which separates it from the adjoining premises.

On the trial there was judgment rejecting the plaintiff's demand, and he has appealed.

Briefly stated, plaintiff's demand is that on July 29, 1889, defendant issued in his favor its policy of insurance No. 37,204, whereby it contracted and agreed to insure him against loss or damage by fire on the three-story brick, slated building, designated as No. 80 South Peters street, between Poydras and Lafayette streets, and running through to No. 12 Common street, in the city of New Orleans; that by successive renewals said policy was kept alive, and same was in force on June 20, 1892.

That during the month of April, 1892, while said policy was in force, said building was injured and damaged by fire so as to make same a total loss within the terms of said policy.

That due demand was made upon the defendant for indemnity for the loss sustained, and that negotiations occurred between them which resulted in an agreement with reference to the loss by fire to the effect that in lieu of paying the amount of loss sustained in money, the defendant should rebuild, or reconstruct said building, placing it in a good and sound condition.

That the duty of reconstructing said building was not discharged by the defendant in accordance with its obligation; that the work of reconstruction was negligently and faultily performed.

That amongst the parts of said building which, by reason of the damage received by fire, required demolition and reconstruction, was a part of a division or party wall between plaintiff's property, No. 80 South Peters street, and the adjoining building, No. 78 South Peters street; and that in active violation of its contract to repair the fire damage done thereto, and reconstruct same and place it in a safe and sound condition, the defendant failed and neglected to take down and demolish same, but let it remain standing in a weak, dangerous and unsafe condition, with the purpose and intention of using and building on same in the reconstruction of the edifice which was damaged by fire.

That said party wall being weak and entirely insufficient to be used in such reconstruction, it became and was the duty of the defendant to have taken same down and removed, and to have erected a new, sound and safe party wall in its stead.

The plaintiff then avers that while the said work of reconstruction was in progress the said portion of the party wall collapsed and fell, causing the collapse of the adjoining building, No. 82 South Peters street, the upper floor of which was used as a factory, where there were at the time a large number of operatives employed; and that by said collapse two of said female operatives were injured.

That two of them, Pauline Knoop and Emma Steppe, brought suits against him for damages for the personal injuries sustained; and the former recovered a judgment for one thousand five hundred dollars, and the latter the sum of four thousand dollars.

That in the defence of those suits he paid and expended in attorney's fees the sum of thirteen hundred dollars, and in costs the sums of three hundred and twenty-three dollars and twenty-five cents and three hundred and eighty dollars and forty-three cents, aggregating the amount claimed of the defendant in this suit.

Plaintiff alleges that included in its obligation to reconstruct said building was the duty imposed upon the defendant of taking proper and sufficient precaution, pending the work, to prevent the collapse and falling of said party wall between Nos. 78 and 80 South Peters street; and, also, to so conduct said work of reconstruction that no injury would thereby result, or be caused to any third person.

That under its contract the defendant did assume the full charge and control of the work of reconstruction, in which petitioner took neither part nor participation; and that same was at the sole and exclusive risk of the defendant company as a contractor.

Plaintiff finally avers that it was by reason of the defendant's breach of contract that said accident was caused and said damages inflicted upon the said two female operatives aforesaid.

The defendant first tendered a plea of prescription of twelve months under the twelfth clause of its policy of insurance; and, in the alternative, urges the following defences, viz.:

It admits the execution of the aforesaid policy of insurance, and that it was in full force in 1892 when the adjoining building No. 82 South Peters street was destroyed by fire.

It avers that the walls of plaintiff's building were old, rotten and weak; and having nothing to support them they fell down, having been exposed to inclement weather, causing the alleged damages referred to.

That it subsequently agreed by arbitration and compromise to undertake to repair the front wall and forty feet of the party wall, through a competent and skilful contractor, and before the work could be done it was abandoned by agreement with the plaintiff and a settlement was then effected with him.

That it denies that the party wall was in any manner damaged by fire, or that it was or became in any manner responsible under its contract to repair or rebuild the same, or that it at any time had charge or control over the wall which fell down. And it avers that said wall fell, solely by reason of its rotten and decayed condition; and that it was the duty of the plaintiff to have taken care of same, and not suffered the damage to have occurred.

On the 23d of April, 1892, a fire occurred in the building No. 80 South Peters street, in which the Klotz or Margaret's Bakery was kept; and that building immediately adjoined the building of the plaintiff which the defendant had insured—No. 80 South Peters street—there being a party wall between the two.

The only apparent damage which No. 80 had sustained by the fire was an awning in front of it which had been damaged by the falling debris and the blistering of the side of the party wall.

Soon after the fire, the defendant sent its builder to examine the building No. 80, and received a report in conformity with the foregoing statement. That of the party wall there " was actually some forty feet down;" but the estimate made by the expert shows about sixty-four feet.

The testimony of this expert builder and contractor that this was the only portion of the party wall with which either he or the insurance company had anything to do.; that was the only portion of the party wall which was embraced in the agreement of the insurance company to rebuild.

It shows that the front wall of No. 82 was demolished as low down as the second story.

The weight of the evidence shows that the party wall was quite an old one; and that it was very poorly anchored, and so badly cracked that holes or fissures could be seen through them.

That as a result of the fire, the joists and rafters, by means of which the building No. 82 had been connected to that of the plaintiff, were all drawn out or torn out by the demolition of the building as a result of the fire.

It further shows that in this condition the wall was suffered to remain standing for several days, and while the weather was rainy and bad—the fall occurring on the 20th of June, subsequent to the fire.

The contractor states that he had charge of no portion of the plaintiff's building except that above described; and that after he took charge of it, he " shored up the timbers, floor-beams, and the roof."

He says the estimated cost of the repairs was fourteen hundred dollars, and that for that price the repairs of the party wall were undertaken, and that his instructions from the insurance company were to build the number of feet of wall indicated.

That he had no charge or control of any other portion of the wall.

This witness was asked this question, viz.:

" Q. What portion of the wall was it? Was it immediately continuous from where you had agreed to repair, or was it a section beyond that?

" A. It was a section beyond that."

The testimony shows that the portion of the wall which the insurance company was engaged in repairing fell during the latter part of May, and during the time the workmen were engaged in effecting the reconstruction thereof, the rear portion of the wall fell—that is, about the 20th of June.

Consequently it is evident that very nearly two months had elapsed between the date of the fire, which occurred on the 23d of April, 1892, and the time when the falling of the party wall occurred, which did the injury for which the plaintiff seeks to recover damages, namely, June 20, 1892.

It is equally evident and indisputable that very nearly six weeks intervened between the date of the fire and that of the falling of the portion of the party wall which the insurance company undertook to repair. It is shown by all the evidence upon the subject that during this interval of time there were frequent and heavy rains; and that on the 20th of June, when the rear portion of the party wall fell, the rain was so continuous that the contractor's workmen were necessitated to do their work between showers.

The weight of the testimony is to the effect that the aforesaid rear portion of the party wall was in no way properly shored up or secured.

In our opinion the decisions of this court in Knoop vs. Alter, 47 An. 570, and Steppe vs. Alter, 48 An. 363, virtually decide this case against the plaintiff. This suit is instituted for the express purpose of obtaining from the insurance company a repetition of the damages he was condemned to pay to the plaintiffs therein.

The records and opinions in those cases show that the defence of Alter was an attempt to fix the whole responsibility upon the insurance company for the damage which was inflicted upon the plaintiffs therein, and considering that this court fixed the responsibility directly upon *him* the duty is placed upon him in this case to either demonstrate the error or incorrectness of those decisions, or by additional evidence show that those cases would, in all likelihood, have been differently decided had such additional evidence been before the court when such decisions were rendered.

But in our conception plaintiff has done neither.

This we think sufficiently appears from the portions of the evidence which is herein cited, and those portions to which reference is made.

The portion of the party wall which the insurance company agreed with Alter to repair and reconstruct only fell down on the 23d of May, and the fire occurred on the 23d of April previously.   It is not claimed that the insurance company had come under any obligation to the plaintiff for· the reparation of any damage prior to the date first mentioned.

It is not shown that the plaintiff did anything in the meanwhile to protect his own wall, but it is affirmatively shown that he left it in an unsafe and unprotected condition.

It is shown that the rear portion of the party wall, the fall of which occasioned the damage complained of, occurred on the 20th of June following the first break in the wall, and that that portion of the wall had been, up to that time, apparently safe and entirely intact, and was not in the possession or under the control of the defendant's contractor.

That said rear portion of the party wall was not embraced in or covered by the agreement and compromise between the plaintiff and defendant, and consequently its reconstruction was never contemplated by either of them.

In the Knoop case our opinion states:

"It is not shown by the evidence that the insurance company had undertaken to repair the wall which caused the damage.

" On the contrary, the repairs were limited to the front portion, the forty feet which had previously fallen.   The contract between the insurance company and the builder was to rebuild from the front to the rear, a distance which did not include the standing wall, from which it does not appear that (Alter) withheld his assent."

Again:

" Primarily, every one should keep his building in repair so that damage may not be occasioned by the ruin." C. C. 670, pp. 573, 574.

That principle of the Code is reinforced by the opinion of this court in Insurance Company vs. Werlein, 42 An. 1046.

On careful investigation of the law and evidence we are satisfied that this case was correctly decided in the court below.

Judgment affirmed.

Rehearing refused November 21, 1898.